REBECCA J. KING ET AL. v. SAM H. HENDERSON.

Decided June 25, 1902.

**1.—Evidence—Limiting Effect—Requesting Charge.**

The admission in evidence of a judgment binding one plaintiff, who was a party to it, is not ground for reversal as to the others, who were not; to be entitled to complain they should have requested an instruction limiting its application.

**2.—Assignment of Error—Sufficiency of Evidence.**

An assignment of error in that the verdict was not supported by the evidence, not followed by a proposition showing in what respect it was deficient, will not be considered.

Appeal from San Saba. Tried below before Hon. M. D. Slator.

*P. M. Faver,* for appellant.

*Leigh Burleson,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a boundary suit resulting in a verdict and judgment for the defendant, and the plaintiffs have appealed. After giving due consideration to all the assignments, our conclusion is that no reversible error is shown.

No error was committed in allowing the defendant to put in evidence the judgment rendered in a former case, because Rebecca J. King, one of the plaintiffs, and the defendant Sam H. Henderson

were parties to that judgment; and therefore it was admissible as against the plaintiff Rebecca J. King; and if the other plaintiffs desired the court to instruct the jury more specifically than was done as to the purpose for which it was admitted in evidence, they should have prepared and requested a special instruction upon the subject. The court correctly instructed the jury that the judgment referred to was conclusive as against the plaintiff Rebecca J. King, and to find for the defendant, as against her. The statement of facts shows that the subject matter involved in that suit was the same boundary line involved in this, and the judgment there rendered established the line as contended by the defendant in this suit. That judgment, as against the plaintiff Rebecca J. King, was and is conclusive; and it is immaterial, as against her, what the evidence may now show in reference to the true location of the line in dispute. Hence we overrule the second and third assignments of error.

The fourth assignment asserts in general terms that the court erred in refusing a new trial, because the verdict and judgment are not supported by the evidence, but neither the the the assignment nor the proposition submitted thereunder point out in what respect there was a deficiency of evidence; and the motion for a new trial, in so far as it complains of the verdict, is couched in the same general terms, and merely asserts that "the verdict and judgment are not supported by the law nor the evidence in this case." It is well settled that such general complaints are not sufficient to authorize an appellate court to revise the verdict of a jury. Wetz v. Wetz, 27 Texas Civ. App., 597; Scott v. Bank, 3 Texas Ct. Rep., 883, and cases there cited.

This disposes of all the questions presented, and results in an affirmance of the judgment.

*Affirmed.*